UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVOX PRODUCTIONS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>GABRIELS TECHNOLOGY SOLUTIONS, INC., a New York corporation, MICHAEL GABRIEL, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV 13-00846-CJC(RZx)<br><br>**[PROPOSED] ORDER FOR ENTRY OF A PROTECTIVE ORDER GOVERNING DISCLOSURE AND USE OF PLAINTIFF'S QUICKBOOKS FILE**<br><br>Judge: Hon. Cormac J. Carney<br>Complaint Filed: 2/6/13<br>Trial Date: 4/15/14 |

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

# ORDER

The Court, having read and considered the Joint Stipulation for Entry of a Protective Order filed by the parties, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that the terms and conditions of this Protective Order are as follows:

## DEFINITIONS AND RULES

1. As used in this Protective Order, these terms have the following meanings:

   a. "Highly Confidential Materials" are Plaintiff's Quickbooks;

   b. "Written Assurance" means an executed document in the form attached as Exhibit A;

2. Plaintiff's Quickbooks constitute or contain non-public information that is entitled to protection under 26(c)(1)(G) of the Federal Rules of Civil Procedure and that is extremely sensitive financial information about Plaintiff's customers, vendors, revenue sources from customers and generally a financial roadmap to Plaintiff's business, the disclosure of which to another Party or non-party would create a substantial risk of serious injury or competitive harm that could not be avoided by less restrictive means. Plaintiff's Quickbooks will be designated and treated as "Highly Confidential- Attorney's Eyes Only" pursuant to this Protective Order.

3. All Highly Confidential Material will be used solely for the purpose of this action and no person receiving such documents, or information contained in such documents may, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents or information therein to any person other than those specified in paragraph 4 and 5.

4. Access to any Highly Confidential Materials is limited to:

   a. the Court, its officers and jurors;

   b. Outside counsel and their office associates, legal assistants, and stenographic and clerical employees;

   c. persons shown on the face of the document to have authored or received it;

   d. court reporters retained to transcribe testimony;

   e. outside independent persons (*i.e.*, persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorneys to furnish expert services;

   f. Up to two representatives of Defendant's insurance provider who are actively involved in the prosecution, defense or appeal of this litigation.

  The parties may agree in writing or on the record to permit access to Highly Confidential Materials to individuals not otherwise granted access by the terms of this Protective Order.  The writing or statement on the record must identify the particular individual to whom the Highly Confidential Materials will be disclosed and specify, by Bates number if possible, the Highly Confidential Materials to be disclosed, and will obtain a Written Assurance from each individual prior to disclosing the Highly Confidential Materials.

  5. Each person appropriately designated pursuant to paragraphs 4(e) and 4(f) must execute, in advance, and as a condition of receiving any Highly Confidential Materials, a "Written Assurance" in the form attached as Exhibit A.  Counsel for the party obtaining the signed agreement must retain a copy of the agreement.

  6. All depositions or portions of depositions taken in this action that contain Highly Confidential Material may be designated "Highly Confidential-Attorney's Eyes Only" and obtain the protections accorded the Highly Confidential Material.  Confidentiality designations for depositions must be made either on the

record or by written notice to the other party within 30 days after the date the deposition concludes. Either party may designate a deposition (or any portion of such deposition) as "Highly Confidential- Attorney's Eyes Only" during the deposition. The deposition of any witness (or any portion of such deposition) that encompasses Highly Confidential Materials will be taken only in the presence of persons who are qualified to have access to such information and permitted to attend such depositions. A party may request that anyone not authorized to receive Highly Confidential Materials, or not permitted to attend depositions or court sessions pursuant to the Federal Rules of Evidence, exit the deposition during the discussions of any such information, but the failure of any party to request the removal of anyone not authorized to receive such information or attend will not constitute a waiver of the right to subsequently designate any or all portions of the deposition as "Highly Confidential- Attorney's Eyes Only" in accordance with this paragraph. The term "deposition" also applies to any notes, extracts, data or information from each deposition made or communicated by attorneys for the parties relating to the deposition. Any confidentially designation of the deposition (or any portion of such deposition) will only be challenged according to the procedure outlined in paragraph 12.

      7.     The inadvertent production by any of the undersigned Parties or non-Parties to the action of any Materials during discovery without a "Highly Confidential- Attorney's Eyes Only" designation, will be without prejudice to any claim that such item is "Highly Confidential- Attorney's Eyes Only" and such Party will not be held to have waived any rights by such inadvertent production. Any party who inadvertently fails to identify documents as "Highly Confidential- Attorney's Eyes Only" must provide written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents will use its best efforts to retrieve documents

1  distributed to persons not entitled to receive documents with the corrected
2  designation, and to advise the other party of the recipients of the documents prior to
3  retrieval.  The Party that received the inadvertently produced Materials will
4  promptly destroy the inadvertently produced materials and all copies.

5   8. Any party who inadvertently discloses documents that are privileged
6  or otherwise immune from discovery will, promptly upon discovery of such
7  inadvertent disclosure, so advise the Receiving Party and request that the
8  documents be returned or destroyed.  The Receiving Party will return or destroy
9  such inadvertently produced documents, including all copies, within 14 days of
10 receiving such a written request.

11  ~~9. With respect to Court filing or use at trial or on appeal of Highly~~
12 ~~Confidential Materials:~~
13  ~~a. If a party files a document containing Highly Confidential~~
14 ~~Materials with the Court, it will do so in compliance with the Electronic Case~~
15 ~~Filing Procedures for the Central District of California.~~
16  ~~b. Before or at the time any Highly Confidential Materials are filed~~
17 ~~with the Court for any purpose, the party seeking to file the Highly~~
18 ~~Confidential Material will seek permission of the Court by appropriate~~
19 ~~motion to file the material under seal.  The Court permitting, until permission~~
20 ~~is granted, the party seeking permission will file the material provisionally~~
21 ~~under seal, so marked, unless the producing party agrees otherwise.  The~~
22 ~~parties agree to and will follow and abide by applicable law, including Local~~
23 ~~Civil Rule 79-5, with respect to filing documents under seal in this Court.~~
24  ~~c. Any documents approved by the Court for filing under seal will~~
25 ~~be so designated in a cover sheet, captioned "Filed" or "Provisionally Filed"~~
26 ~~as the case may be followed by "Under Seal Pursuant to Protective Order by~~
27 ~~Order of Court," and each page will carry a stamp with the same designation.~~
28

- 4 -

CV 13-00846-CJC(RZX)
[PROPOSED] ORDER FOR ENTRY OF A
PROTECTIVE ORDER

OHSUSA:756630230.2

1  ~~The Order of Permission to File Under Seal may request or direct the Clerk~~
2  ~~of Court to maintain such documents under seal, unavailable to anyone but~~
3  ~~Outside Counsel of record for the parties. Prior to disclosure at trial or a~~
4  ~~hearing of Highly Confidential Materials the parties may seek from the Court~~
5  ~~further protections against public disclosure as the parties may deem~~
6  ~~necessary.~~

7  10.   In the event that counsel for a Party receiving Highly Confidential Materials designated as "Highly Confidential- Attorney's Eyes Only" objects to such designation with respect to any or all of such items, said counsel will advise counsel for the designating Party, in writing, of such objections, the specific Materials to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the designating Party will have 14 calendar days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Materials pursuant to all or any of the Designation Objections; or (b) send the objecting party a meet-and-confer letter pursuant to Local Civil Rule 37 disputing all or any of the Designation Objections. If the designating Party does not agree to de-designate the Materials in the Designation Objections the parties must fully comply with Local Rule 37 and present the dispute to the Court in accordance with Local Rule 37 (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the documents, testimony or information at issue in the Designation Motion will remain in place. The designating Party will have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

11.   Within 30 days of the termination of this action, including any appeals, each party will, at the election of the producing party, either destroy or return to the producing party all documents designated by the producing party as "Highly

1  Confidential- Attorney's Eyes Only" and all copies of such documents, and will
2  destroy all copies, abstracts, compilations, or summaries of the Highly Confidential
3  Materials. Each party will provide a certification as to such return or destruction as
4  having been completed within the 30-day period. Notwithstanding this provision,
5  attorneys are entitled to retain under seal appropriately designated in the caption as
6  "Retained Under Seal Pursuant to Protective Order" an archival copy of all
7  pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney
8  work product, even if such materials contain Highly Confidential Materials. Such
9  retained documents may be unsealed only by appropriate order of Court, or by
10  permission in writing of the producing party.

11  12. Any party may apply to the Court for a modification of this Protective
12  Order, and nothing in this Protective Order will be construed to prevent a party
13  from seeking such further provisions enhancing or limiting confidentiality as may
14  be appropriate. This Protective Order does not alter, waive, modify, or abridge any
15  right, privilege or protection otherwise available to any Party with respect to the
16  discovery of matters, including but not limited to any Party's right to assert the
17  attorney-client privilege, the attorney work product doctrine, or other privileges, or
18  any Party's right to contest any such assertion.

19  13. No action taken in accordance with this Protective Order will be
20  construed as a waiver of any claim or defense in the action or of any position as to
21  discoverability or admissibility of evidence. Nor by its agreement or stipulation to
22  entry of the attached Protective Order does any party make any admission that
23  Highly Confidential Materials that may be designated by any party as "Highly
24  Confidential- Attorney's Eyes Only" are, in fact, confidential. All parties reserve
25  their right to challenge another party's designation of Materials as confidential
26  pursuant to paragraph 12 of this Stipulation.

27
28

14. The obligations imposed by this Protective Order will survive the termination of this action. Within 60 days following the expiration of the last period for appeal from any order issued in connection with this action, the parties may remove any Highly Confidential Materials from the office of the Clerk of Court.

15. This Order may be modified by agreement of the parties, subject to approval by the Court.

This Order shall not govern in connection with dispositive motions or at trial. Different standards and considerations attend those proceedings. *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). If any party desires protection in connection with those proceedings, the party shall make separate application to the judicial officer presiding at those proceedings.

Dated: ~~February~~ March 3, 2014

By: _____
RALPH ZAREFSKY
United States District Magistrate

CV 13-00846-CJC(RZX)
[PROPOSED] ORDER FOR ENTRY OF A PROTECTIVE ORDER

OHSUSA:756630230.2

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| EVOX PRODUCTIONS, LLC, a Delaware limited liability company,<br><br>           Plaintiff,<br><br>v.<br><br>GABRIELS TECHNOLOGY SOLUTIONS, INC., a New York corporation, MICHAEL GABRIELS, an individual, and DOES 1 through 10, inclusive,<br><br>           Defendants. | Case No. CV 13-00846-CJC(RZx)<br><br>**WRITTEN ASSURANCE REGARDING PROTECTIVE ORDER**<br><br>Hon. Cormac J. Carney |

I, _____, declare that:

1. I reside at _____ in the city of _____, county _____, state of _____.

2. I am currently employed by _____ located at _____ and my current job title is _____.

3. I have read and believe I understand the terms of the Protective Order dated _____, filed in Civil Action No. CV 13-00846-CJC(RZx), pending in the United States District Court for the Central District of California. I agree to comply with and be bound by the provisions of the Protective Order. I understand

1  that any violation of the Protective Order may subject me to sanctions by the Court.

2      4.    I will not divulge any documents, or copies of documents, designated "Highly Confidential- Attorney's Eyes Only" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I will not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

    5.    As soon as practical, but no later than 30 days after final termination of this action, I will return to the attorney from whom I have received them any documents in my possession designated "Highly Confidential- Attorney's Eyes Only" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

    6.    I submit myself to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing or otherwise providing relief relating to the Protective Order, but not for the purpose of conferring jurisdiction over the party engaging me, or for whom I am employed, in any jurisdiction other than the Central District of California.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____       _____
         (Date)                             (Signature)