KENT B. GOSS (State Bar No. 131499)
kgoss@orrick.com
VALERIE M. GOO (State Bar No. 187334)
vgoo@orrick.com
RAIJA J. HORSTMAN (State Bar No. 277301)
rhorstman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 S. Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-24299

Attorneys for Plaintiff
EVOX Productions, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| EVOX PRODUCTIONS, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> GABRIELS TECHNOLOGY SOLUTIONS, INC., a New York corporation; MICHAEL GABRIEL, an individual; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. CV 13-00846-CJC(RZx) <br><br> **PLAINTIFF EVOX PRODUCTIONS, LLC'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** <br><br> **(LOCAL RULE 16-4)** <br><br> Honorable Cormac J. Carney <br><br> Pretrial Conference <br> Date: April 2, 2014 <br> Trial Date: April 15, 2014 <br><br> Date Action Filed: February 6, 2013 |

# TABLE OF CONTENTS

I.     INTRODUCTION ............................................................................................. 1

II.    CONTENTIONS OF LAW AND FACTS – EVOX'S CLAIMS (**Local Rule 16-4.1(a)-(c)**) .................................................................................................. 2

    A.   Copyright Infringement (Claim 1) .......................................................... 3

        1.   Elements of Copyright Infringement Claim ................................. 3

        2.   Brief Summary of Key Evidence to Support EVOX's Claim ..... 5

    B.   Contributory Copyright Infringement (Claim 2) ................................... 6

        1.   Elements of Contributory Copyright Infringement Claim .......... 6

        2.   Brief Summary of Key Evidence to Support EVOX's Claim ..... 7

    C.   Trademark Infringement Under the Lanham Act (Claim 3) .................. 7

        1.   Elements of Trademark Infringement Claim ............................... 7

        2.   Brief Summary of Key Evidence to Support EVOX's Claim ..... 8

    D.   False Advertising and Unfair Competition (Claim 4) .......................... 9

        1.   Elements of False Advertising and Unfair Competition Claim .. 9

        2.   Brief Summary of Key Evidence to Support EVOX's Claim ..... 9

    E.   Contributory Liability Under the Lanham Act (Claim 5) .................... 10

        1.   Elements of Contributory Liability Under the Lanham Act Claim ............................................................................................ 10

        2.   Brief Summary of Key Evidence to Support EVOX's Claim ... 11

III.   CONTENTIONS OF LAW – DEFENDANTS' AFFIRMATIVE DEFENSES (**Local Rule 16-4.1(d)-(f)**) ......................................................................... 11

    A.   Defendants' Newly Alleged Affirmative Defense – Privilege for Collective Works Under 17 U.S.C. § 201(c) ....................................... 11

    B.   Laches ..................................................................................................... 12

        1.   Elements of Laches Affirmative Defense .................................. 12

        2.   Brief Summary of Key Evidence in Opposition to Defendants' Affirmative Defense ................................................................... 13

    C.   Innocent Intent ...................................................................................... 14

        1.   Elements of Innocent Intent Affirmative Defense ................... 14

OHSUSA:757023439.2

2.     Brief Summary of Key Evidence in Opposition to Defendants' Affirmative Defense ................................................................. 14

D.    Nominative Fair Use ......................................................................... 14

    1.     Elements of Nominative Fair Use Affirmative Defense .......... 14

    2.     Brief Summary of Key Evidence in Opposition to Defendants' Affirmative Defense ................................................................. 15

E.    Privilege for Collective Works Under 17 U.S.C. § 201(c) ................. 15

    1.     Elements of Nominative Fair Use Affirmative Defense .......... 15

    2.     Brief Summary of Key Evidence in Opposition to Defendants' Affirmative Defense ................................................................. 16

IV.    OTHER MATTERS REQUIRED BY LOCAL RULE 16-4 ...................... 16

A.    Third-Party Claims (L.R. 16-4.1(g)) ................................................ 16

B.    Anticipated Evidentiary Issues (L.R. 16-4.1(h)) .............................. 16

C.    Anticipated Legal Issues (L.R. 16-4.1(i)) ......................................... 17

D.    Bifurcation of Issues (L.R. 16-4.3) .................................................. 17

E.    Jury Trial (L.R. 16-4.4) ................................................................... 17

F.    Attorney's Fees (L.R. 16-4.5) .......................................................... 17

G.    Abandonment of Issues (L.R. 16-4.16) ............................................ 18

OHSUSA:757023439.3

# TABLE OF AUTHORITIES

**Page**

## Federal Cases

*Broadcast Music, Inc. v. Hobi, Inc.*,
  No. 93-350520, F.3d 1171, 1171 (5th Cir. 1994)...................................................7

*Couveau v. American Airlines, Inc.*,
  218 F.3d 1078 (9th Cir. 2000) ...............................................................................12

*Danjaq LLC v. Sony Corp.*,
  263 F.3d 942 (9th Cir. 2001) .................................................................................12

*E. & J. Gallo Winery v. Gallo Cattle Co.*,
  967 F.2d 1280 (9th Cir. 1992)..................................................................................8

*E. & J. Gallo Winery v. Pasatiempos Gallo, S.A.*,
  905 F. Supp. 1403 (E.D. Cal. 1994) ......................................................................12

*Earthquake Sound Corp. v. Bumper Indus.*,
  352 F.3d 1210 (9th Cir. 2003)..........................................................................17, 18

*Entrepreneur Media, Inc. v. Smith*,
  279 F. 3d 1135 (9th Cir. 2002)................................................................................9

*Feist Publications v. Rural Tel. Serv. Co.*,
  499 U.S. 340 (1991) .................................................................................................4

*Fogerty v. Fantasy, Inc.*,
  510 U.S. 517 (1994) ...............................................................................................17

*Fonovisa, Inc. v. Cherry Auction, Inc.*,
  76 F. 3d 259 (9th Cir. 1996)....................................................................................6

*Haas Automation, Inc. v. Denny*,
  NO. 2:12-CV-04779 (CBM), 2013 U.S. Dist. LEXIS 179094 (C.D. Cal. Dec. 4,
  2013)........................................................................................................................17

*Hotaling v. Church of Jesus Christ of Latter-Day Saints*,
  118 F. 3d 199 (4th Cir. 1997) ..................................................................................5

*Jarvis v. K2 Inc.*,
  486 F.3d 526 (9th Cir. 2007) ...................................................................................5

CV13-00846-CJC(RZx)
EVOX'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

OHSUSA:757023439.2

*Los Angeles News Serv. v. Reuters Television Int'l.*,
    149 F. 3d 987 (9th Cir. 1998) .................................................................. 17

*New York Times Co., Inc. v. Tasini*,
    533 U.S. 483 (2001) ............................................................................... 15

*Oracle Am., Inc. v. Google Inc.*,
    810 F. Supp. 2d 1002 (N.D. Cal. 2011) .................................................... 4

*Perfect 10, Inc. v. Amazon.com, Inc.*,
    508 F. 3d 1146 (9th Cir. 2007) ............................................................ 5, 7

*Perfect 10, Inc. v. Visa Int'l Service, Assoc.*,
    494 F.3d 788 (9th Cir. 2007) ........................................................... 10, 11

*Reno Air Racing Ass'n., Inc. v. McCord*,
    452 F.3d 1126 (9th Cir. 2006) .......................................................... 13, 17

*S.O.S., Inc. v. Payday, Inc.*,
    886 F.2d 1081 (9th Cir. 1989) ............................................................. 4, 5

*Sealy, Inc. v. Easy Living, Inc.*,
    743 F.2d 1378 (9th Cir. 1984) ................................................................ 10

*Shouse v. Pierce Cnty.*,
    559 F.2d 1142 (9th Cir. 1977) .................................................... 13, 14, 15

*Sony Corp. v. Universal City Studios, Inc.*,
    464 U.S. 417 (1984) ................................................................................. 6

*Tie-Tech, Inc. v. Kinedyne Corp.*,
    296 F.3d 778 (9th Cir. 2002) ................................................................... 8

*U.S. Auto Parts Network, Inc., v. Parts Geek, LLC*,
    692 F.3d 1009 (9th Cir. 2012) ................................................................. 4

## Federal Statutes

15 U.S.C. § 1114 .................................................................... 3, 7, 8, 10

15 U.S.C. § 1115(a) ......................................................................... 8

15 U.S.C. § 1116(a) ....................................................................... 17

15 U.S.C. § 1117 ............................................................................ 18

CV13-00846-CJC(RZx)
EVOX'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

OHSUSA:757023439.3

15 U.S.C. § 1125 ........................................................................................ 3, 9, 10

17 U.S.C. § 106 ................................................................................................... 4

17 U.S.C. § 201(c) ................................................................................. 11, 12, 15

17 U.S.C. § 501 ........................................................................................... 2, 3, 6

17 U.S.C. § 502 ................................................................................................. 17

17 U.S.C. § 505 ................................................................................................. 17

## **Rules**

Fed.R.Civ.Proc. 8(c)(1) ................................................................................... 12

Local Rule 16-4 ........................................................................................... 1, 16

Local Rule 16-4.1(a) .......................................................................................... 2

Local Rules 16-4.1(b) ..................................................................................... 2, 3

Local Rules 16-4.1(c) ..................................................................................... 2, 3

Local Rule 16-4.1(d) ........................................................................................ 11

Local Rule 16-4.1(e) .................................................................................. 11, 12

Local Rule 16-4.1(f) ................................................................................... 11, 12

Local Rule 16-4.1(i) ......................................................................................... 17

Local Rule 16-4.1(g) ........................................................................................ 16

Local Rule 16-4.1(h) ........................................................................................ 16

Local Rule 16-4.3 ............................................................................................. 17

Local Rule 16-4.4 ............................................................................................. 17

Local Rule 16-4.5 ............................................................................................. 17

Local Rule 16-4.16 ........................................................................................... 18

Pursuant to Local Rule 16-4 and this Court's Standing Order, Plaintiff EVOX Productions, LLC ("EVOX") submits its Memorandum of Contentions of Fact and Law.

## I.      INTRODUCTION

This case is a straightforward copyright and trademark infringement case. EVOX creates and licenses high-quality digital images and photographs featuring virtually every commercially available vehicle make and model in the United States since model year 2000. EVOX owns registered copyrights in tens of thousands of images and photographs. EVOX also owns two registered trademarks, EVOX and EVOX IMAGES. EVOX brands its copyrighted photographs with its trademarks to identify them as a product of EVOX. EVOX has developed a successful business licensing its library of copyrighted photographs.

Defendant Michael Gabriel ("Gabriel") is the Chief Executive Officer of Defendant Gabriels Technology Solutions, Inc. ("GTS") (collectively, "Defendants"). Defendants created, control, and license an "Automotive Media Portal" to Defendants' media partner clients, such as The New York Times, San Francisco Gate and the Houston Chronicle. The Automotive Media Portal is a web-based service that consists of multiple webpages hosted and served by GTS that is available to all users of the Internet. The core code of the Automotive Media Portal is the same for each media partner client, with minor changes to reflect the branding of the specific media partner and match the look and feel of the media partner's entire website. One part of the Automotive Media Portal is the "Research Showroom" page. The Research Showroom displays images of the specific car as a result of the user's query. Defendants do not create or maintain a library of automotive images to use, and so rely on licenses from third parties to supply the content that is displayed on the Research Showroom page.

In October 2003, EVOX granted third-party Chrome Systems Corporation ("Chrome") a limited license to use and sub-license EVOX's copyrighted

photographs and trademarks. Sometime in 2005, Chrome and Defendants entered into a license whereby Defendants were authorized to use EVOX's copyrighted photographs and trademarks for a license fee. The evidence shows that on or about March 1, 2010, Chrome informed Defendants that at the end of March 2010, Defendants would no longer be authorized to use EVOX's copyrighted photographs and trademarks. The evidence further shows that EVOX stopped receiving license fees for Defendants' use of the copyrighted photographs in March 2010.

In or around October 2010, EVOX learned that Defendants' Research Showroom pages were still displaying EVOX images. EVOX hired an independent third party to copy the Research Showroom pages that were infringing EVOX's copyrights. EVOX will offer evidence that Defendants' Research Showrooms were still displaying almost 100,000 copyrighted images after the license expired on March 31.2010.

EVOX sent Defendants a cease and desist letter in December 2010. The evidence will show that it was only after EVOX sent the cease and desist letter that Defendants copyrighted photographs and trademarks and prevented them from being publically accessed via the Internet. The evidence will show that Defendants could have taken steps to remove EVOX photographs and trademarks earlier, but that they did not do so until after receiving EVOX's cease and desist letter.

## II.   CONTENTIONS OF LAW AND FACTS – EVOX'S CLAIMS (Local Rule 16-4.1(a)-(c)

EVOX asserts the following claims against Defendants:

Claim 1 – Copyright Infringement, 17 U.S.C. §501 *et seq.*

(Count 1)

EVOX contends that Defendants' continued use of EVOX's Copyrighted Photographs after GTS's license had expired infringed EVOX's copyrights in the photographs.

<u>Claim 2 – Contributory Copyright Infringement, 17 U.S.C. §501 *et seq.*</u>

(Count 2)

EVOX contends that Gabriel knowingly and intentionally materially contributed to GTS's infringement of EVOX's Copyrighted Photographs.

<u>Claim 3 – Trademark Infringement, 15 U.S.C. §1114</u>

(Count 3)

EVOX contends that Defendants' continued use of EVOX's federally registered Trademarks after GTS's license had expired infringed EVOX's trademark rights in the EVOX and EVOX IMAGES marks.

<u>Claim 4 – False Advertising and Unfair Competition, 15 U.S.C. §1125</u>

(Count 4)

EVOX contends that Defendants used EVOX's federally registered Trademarks without a license or permission to sell and advertise GTS's Automotive Media Portal to potential clients.

<u>Claim 5 – Contributory Liability under the Lanham Act, 15 U.S.C. §1114, 1125</u>

(Count 5)

EVOX contends that Gabriel knowingly and intentionally materially contributed to GTS's false advertising and infringement of EVOX's Trademarks.

Pursuant to Local Rules 16-4.1(b) and (c), the elements and brief summary of key evidence in support of these claims are discussed below.

**A.     Copyright Infringement (Claim 1)**

**1.     Elements of Copyright Infringement Claim**

EVOX's claims arise under 17 U.S.C. §501 *et seq.* To prevail on its claim, EVOX must establish the following elements as to each of EVOX's copyrighted photographs:

i.     EVOX is the owner of a valid copyright in each photograph; and

ii.     Defendants copied[1] original elements from each photograph.

---

[1] The Ninth Circuit considers the word "copying" as shorthand for the various

OHSUSA:757023439.3

1 | *See* NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS: CIVIL

2 | § 17.4 (2007); *Feist Publications v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

3 | To prevail on its claim for copyright infringement, EVOX must demonstrate the

4 | elements above by a preponderance of the evidence. *See id.*

### a.   <u>Valid Copyright</u>

6 | A copyright registration certificate constitutes *prima facie* evidence of the

7 | validity of the copyright and the facts stated in the certificate. *S.O.S., Inc. v.*

8 | *Payday, Inc.,* 886 F.2d 1081, 1085 (9th Cir. 1989). Plaintiff is the owner of a valid

9 | copyright if the work is original and the plaintiff is the author or creator of the

10 | work. *See* NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS:

11 | CIVIL § 17.5 (2007). "Original" means only that the work was independently

12 | created by the author, as opposed to having been copied from other works, and that

13 | the work possesses at least some minimal degree of creativity. *Feist Publications*,

14 | 499 U.S. at 345. Absent a written agreement to the contrary, the employer is the

15 | author of a work made for hire within the scope of employment. *U.S. Auto Parts*

16 | *Network, Inc., v. Parts Geek*, *LLC*, 692 F.3d 1009, 1017 (9th Cir. 2012). "[W]hen a

17 | single published unit contains multiple elements 'that are otherwise recognizable as

18 | self-contained works,' the unit is considered a single work *for the limited purpose*

19 | *of registration*, while its elements may be recognized as separate works for other

20 | purposes." *Oracle Am., Inc. v. Google Inc.*, 810 F. Supp. 2d 1002, 1008 (N.D. Cal.

21 | 2011) (emphasis original).

### b.   <u>"Copying"</u>

23 | The right to copy includes the exclusive rights to: authorize, or make

24 | additional copies, or otherwise reproduce the copyrighted work in copies; distribute

25 | copies of the copyrighted work to the public by sale or by rental or lease or lending;

26 | and display publicly a copyrighted pictorial work. *See* 17 U.S.C. § 106; NINTH

27 |
28 | activities that may infringe "any of the copyright owner's …exclusive rights described at 17 U.S.C. § 106." *S.O.S., Inc. v. Payday, Inc.,* 886 F.2d 1081, 1085 n. 3 (9th Cir. 1989).

CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS: CIVIL § 17.1 (2007). The exclusive right to display the copyrighted works publicly applies to a computer display of the electronically stored copy of the work. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F. 3d 1146, 1159-60 (9th Cir. 2007). Distribution of a work means not only actual dissemination, but also making the work available to the public. *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F. 3d 199, 203 (4th Cir. 1997). "A licensee infringes the owner's copyright if its use exceeds the scope of its license." *S.O.S.*, 886 F.2d at 1087. If the licensee continues to use the copyrighted works after the expiration of the term in the license, the owner may enforce its right to exclude the licensee's use after the license expired. *Jarvis v. K2 Inc.*, 486 F.3d 526, 530 (9th Cir. 2007).

### 2. Brief Summary of Key Evidence to Support EVOX's Claim

EVOX will offer into evidence the copyright registration certificates for all of the copyrighted photographs at issue, which places the burden to disprove ownership and validity on Defendants. Defendants have no evidence that the copyrights are not valid. Other evidence of the validity of EVOX's copyrights include the photographs themselves, testimony as to the many creative elements that are utilized in creating the photographs, and evidence that the photographs were created as works for hire by EVOX employees.

The evidence will show that GTS's license to use EVOX's copyrighted photographs expired on or around March 31, 2010. The evidence will also show that Defendants made the copyrighted photographs available to the public through GTS's Automotive Media Portal from at least April 2010 to January 2011. Defendants' own witnesses have testified that the copyrighted photographs were located on GTS's servers and were publically accessible after March 2010. EVOX will offer evidence that almost 100,000 copyrighted images were publicly available and displayed through GTS's Automotive Media Portal between April 2010 and January 2011. Specifically, EVOX will offer a comprehensive offline copy of the

infringing Research Showroom pages of GTS's Automotive Media Portal for the New York Times as publicly available on or around November 5, 2010 (which is during the infringing time period). EVOX will offer additional corroborating screenshots and testimony of percipient witnesses who observed Defendants' infringing use, as well as expert testimony that the copyrighted photographs were publicly available after March 2010. Defendants have no documentary evidence that the copyrighted photographs were removed from GTS's servers upon the expiration of GTS's license or that the public or GTS Media Partners was blocked from accessing the copyrighted photographs until January 2011. The evidence will also show that Defendants copied the EVOX images after the license had expired when relocating Defendants' servers.

**B.      Contributory Copyright Infringement (Claim 2)**

**1.      Elements of Contributory Copyright Infringement Claim**

EVOX's claims arise under 17 U.S.C. §501 *et seq.* To prevail on its claim, EVOX must establish the following elements:

      i.      Gabriel knew or had reason to know of the infringing activity of GTS; and

      ii.     Gabriel intentionally induced or materially contributed to GTS's infringing activity.

*See* NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS: CIVIL § 17.21 (2007); *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F. 3d 259, 264 (9th Cir. 1996). To prevail on its claim for copyright infringement, EVOX must demonstrate the elements above by a preponderance of the evidence. *See id.*

**a.      Material Contribution**

A defendant is liable as contributory infringer when the defendant "was in a position to control the use of copyrighted works by others and had authorized the use without permission from the copyright owner." *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 437 (1984). A defendant materially contributes to

OHSUSA:757023439.3

infringement when the defendant has actual knowledge of the specific infringing materials available, could take simple measures to prevent further damage to the copyrighted works, but continues to provide access to the infringing works. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F. 3d 1146, 1172 (9th Cir. 2007). If a defendant had the right and ability to supervise another's infringing activity, and the defendant had a direct financial interest in the infringing activity, the defendant is jointly and severally liable. *Broadcast Music, Inc. v. Hobi, Inc.*, No. 93-350520, F.3d 1171, 1171 (5th Cir. 1994).

### 2. Brief Summary of Key Evidence to Support EVOX's Claim

Gabriel admits that he personally received the notice of expiration of GTS's license to use the EVOX images. The evidence will also show that Gabriel is the Chief Executive Officer of GTS, that he essentially controls GTS, and that he was ultimately responsible for the Automotive Media Portal. EVOX will offer testimony to show that there were simple measures Gabriel could have taken to ensure that GTS removed the copyrighted photographs from public access, but that Gabriel continued to allow the copyrighted photographs to be accessed on GTS's servers until January 2011. Additionally, the evidence will show that Gabriel had a direct financial interest in GTS's infringing activity as CEO and 100% shareholder of GTS.

### C. Trademark Infringement Under the Lanham Act (Claim 3)

### 1. Elements of Trademark Infringement Claim

EVOX's claims arise under the Lanham Act, 15 U.S.C. § 1114. To prevail on its claim, EVOX must establish the following elements as to each of EVOX's trademarks:

    i.    EVOX owns a valid trademark in EVOX and EVOX IMAGES;

    ii.    Defendants have used EVOX and EVOX IMAGES in commerce; and

iii.   Defendants' use of EVOX and EVOX IMAGES is likely to cause confusion.

*See* NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS: CIVIL § 15.5 (2010); 15 U.S.C. § 1114. To prevail on its claim for trademark infringement, EVOX must demonstrate the factors above by a preponderance of the evidence. *See* 15 U.S.C. § 1115(a); *Tie-Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778, 783 (9th Cir. 2002).

### a.   <u>Valid Trademark</u>

A registration from the United States Patent and Trademark Office ("PTO") is "prima facie evidence of the validity of the registered mark[.]" 15 U.S.C. § 1115(a); *Tie-Tech*, 296 F.3d at 782. "[T]he plaintiff in an infringement action with a registered mark is given the prima facie or presumptive advantage on the issue of validity, thus shifting the burden of production to the defendant to prove otherwise…." *Tie-Tech,* 296 F.3d at 783. Trademark law provides great protection to distinctive or strong trademarks. NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS: CIVIL § 15.9 (2010). Arbitrary trademarks are strong marks and are clearly protectable. *Id.* "They involve the arbitrary, fanciful or fictitious use of a word to designate the source of a product. Such a trademark is a word that in no way describes or has any relevance to the particular product it is meant to identify." *Id.*

### b.   <u>Likelihood of Confusion</u>

"The core element of trademark infringement is the likelihood of confusion, *i.e.*, whether the similarity of the marks is likely to confuse customers about the source of the products." *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1290 (9th Cir. 1992).

### 2.   <u>Brief Summary of Key Evidence to Support EVOX's Claim</u>

EVOX will offer into evidence the federal trademark registration certificates for the EVOX and EVOX IMAGES marks. Gabriels has no evidence that the

trademarks are not valid. EVOX will also offer evidence that EVOX is an arbitrary, fanciful, or fictitious word coined by the founder of EVOX.

The evidence will show EVOX included its trademarks on the copyrighted photographs as an indicator of source. When Defendants distributed and displayed the copyrighted photographs through GTS's Automotive Media Portal, Defendants used EVOX's trademarks in commerce. Defendants use the Internet to advertise its Automotive Medial Portal on Defendants' own website and by directing potential clients to view the Automotive Media Portal on current clients' websites. Defendants solicited potential clients by demonstrating the Automotive Medial Portal's functionality by displaying the EVOX copyrighted photographs and trademarks. The evidence will show that the use of EVOX's trademarks is likely to cause confusion that Defendants were authorized to use the EVOX copyrighted photographs when they were not and that Defendants were affiliated with EVOX when they were not.

**D.**     <u>False Advertising and Unfair Competition (Claim 4)</u>

      **1.**     <u>Elements of False Advertising and Unfair Competition Claim</u>

EVOX's claims arise under the Lanham Act, 15 U.S.C. § 1125. To prevail on its claim, EVOX must establish the elements that are identical to EVOX's claim for trademark infringement under the Lanham Act, as discussed in Section II.C.1, above. *See Entrepreneur Media, Inc. v. Smith*, 279 F. 3d 1135, 1153 (9th Cir. 2002) (explaining that unfair competition claims based on trademark rights are "substantially congruent" to trademark infringement claims.).

EVOX therefore respectfully refers the Court to its discussion of the elements in Section II.C.1, above.

      **2.**     <u>Brief Summary of Key Evidence to Support EVOX's Claim</u>

In addition to the evidence discussed in Section II.C.2 regarding EVOX's trademark infringement claim, Defendants falsely advertised the Automotive Media

Portal by distributing and displaying the EVOX copyrighted photographs and trademarks to potential clients. The evidence will show that the use of EVOX's trademarks is likely to cause confusion that Defendants were authorized to use the EVOX copyrighted photographs and that Defendants were affiliated with EVOX.

### E.   Contributory Liability Under the Lanham Act (Claim 5)

#### 1.   Elements of Contributory Liability Under the Lanham Act Claim

EVOX's claims arise under the Lanham Act, 15 U.S.C. §§ 1114, 1125. To prevail on its claim, EVOX must establish either of the following elements:

  i.   Gabriel intentionally induced GTS to infringe EVOX's trademarks; or

  ii.   Gabriel had direct control and monitoring of the instrumentality used by the third-party to infringe EVOX's trademarks.

*See* NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS: CIVIL §§ 15.18, 15.19 (2007); *Perfect 10, Inc. v. Visa Int'l Service, Assoc.*, 494 F.3d 788, 807 (9th Cir. 2007). EVOX must demonstrate the factors above by a preponderance of the evidence. *See id.*

##### a.   Intentional Inducement

"The determination of contributory infringement … turns on the defendant's intent and his knowledge of the wrongful activities of" the alleged infringer. *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1382 (9th Cir. 1984).

##### b.   Direct Control

The standard second element for contributory trademark infringement is that the defendant "continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied." *Perfect 10*, 494 F.3d at 807 (citing *Inwood Labs., Inc. v. Ives Lab., Inc.*, 456 U.S. 844, 855 (1982)). However, where the alleged infringement consists of a service rather than a product, "the court must 'consider the extent of control exercised by the

OHSUSA:757023439.3

defendant'" and liability only attaches where there is "'[d]irect control and monitoring of the instrumentality used by a third party to infringe the plaintiff's mark.'" *Perfect 10*, 494 F.3d at 807 (quoting *Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 984 (9th Cir. 1999)).

### 2. Brief Summary of Key Evidence to Support EVOX's Claim

Gabriel admits that he personally received the notice of expiration of GTS's license to use the EVOX trademarks. The evidence will also show that Gabriel is the Chief Executive Officer of GTS, essentially controls GTS, and was ultimately responsible for the Automotive Media Portal. Gabriel had direct control over the Automotive Media Portal but did not cause GTS to stop using EVOX's trademarks.

## III. CONTENTIONS OF LAW – DEFENDANTS' AFFIRMATIVE DEFENSES (Local Rule 16-4.1(d)-(f)

Defendants assert no counterclaims. Defendants assert the following defenses:[2]

### Affirmative Defense 2 – Laches

Defendants contend EVOX's claims are barred under the doctrine of laches.

### Affirmative Defense 7 – Innocent Intent

Defendants contend that any copyright or trademark infringement was innocent and not willful.

### Affirmative Defense 11 – Nominative Fair Use

Defendants contend that their use of EVOX's trademarks is fair use.

### A. Defendants' Newly Alleged Affirmative Defense – Privilege for Collective Works Under 17 U.S.C. § 201(c)

For the first time in this case, Defendants allege in their Memorandum of Contentions of Law and Fact a new affirmative defense of "Privilege for Collective

---

[2] Defendants have abandoned the following previously pled affirmative defenses: failure to state a claim; estoppels; waiver; unclean hands; mitigation; exemplary damages violate constitutional rights; license and justification. *See* Defendants' Memorandum of Contentions of Law and Fact, Docket No. 59.

1   Works Under 17 U.S.C. § 201(c). *See* Defendants' Memorandum of Contentions of

2   Law and Fact, Docket No. 59 at pp. 9-10.  Defendants' assertion of this new

3   affirmative defense is untimely and should be excluded.  Defendants did not allege

4   this affirmative defense in their Answer or Answer to Plaintiff's First Amended

5   Complaint.  *See* Docket Nos. 10 and 20.  Fed.R.Civ.Proc. 8(c)(1).  As such,

6   Defendants have waived any right to assert this affirmative defense.  Nor did

7   Defendants raise this defense in its Initial Disclosures; nor did they serve any

8   supplemental disclosures.  Defendants never raised this new affirmative defense in

9   any discovery responses.  Nor did Defendants seek leave to amend their Answer to

10   add this affirmative defense.  The addition of an entirely new affirmative defense

11   and legal theory at this eleventh hour would be unfair and prejudicial to EVOX.  It

12   must be disregarded.  EVOX's inclusion of Defendants' new affirmative defense in

13   this Memorandum is not and should not be construed as a waiver, and EVOX

14   reserves all rights and objections to challenge the newly-alleged affirmative

15   defense.

16         Pursuant to Local Rule 16-4.1(e) and (f), the elements and brief summary o f

17   key evidence in opposition to these defenses are discussed below.

18   **B.   Laches**

19         **1.   Elements of Laches Affirmative Defense**

20         Laches is an equitable defense that prevents a plaintiff who "with full

21   knowledge of the facts, acquiesces in a transaction and sleeps upon his rights."

22   *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 950-51 (9th Cir. 2001). To prevail on

23   their defense, Defendants must establish the following elements:

24              i.   That EVOX unreasonably delayed in bringing this action; and

25              ii.   That EVOX's delay prejudiced Defendants.

26   *Couveau v. American Airlines, Inc.,* 218 F.3d 1078, 1083 (9th Cir. 2000) (per

27   curiam). Defendants must demonstrate the factors above by a preponderance of the

28   evidence. *See E. & J. Gallo Winery v. Pasatiempos Gallo, S.A.*, 905 F. Supp. 1403

1    (E.D. Cal. 1994).

2          The first element of laches is delay, and "the limitations period runs from the

3    time the plaintiff knew or should have known about [its] cause of action." *Reno Air*

4    *Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1139 (9th Cir. 2006) (internal

5    citations omitted). "While laches and the statute of limitations are distinct defenses

6    ... [i]f the plaintiff filed suit within the analogous limitations period, the strong

7    presumption is that laches is inapplicable." *Id.* at 1138-39. In fact, "[i]t is extremely

8    rare for laches to be effectively invoked when a plaintiff has filed [its] action before

9    limitations in an analogous action at law has run." *Shouse v. Pierce Cnty.*, 559 F.2d

10   1142, 1147 (9th Cir. 1977).

11         If it is established that the plaintiff unreasonably delayed in filing suit,

12   "[l]aches cannot be successfully raised in absence of the defendant's pleading and

13   proof [that it suffered] *prejudice* caused by the [unreasonable] delay . . . ." *Shouse*,

14   559 F.2d at 1147.

## 2.    <u>Brief Summary of Key Evidence in Opposition to</u>
## <u>Defendants' Affirmative Defense</u>

17         Defendants will not be able to present any evidence affirmatively supporting

18   its defense of laches. The evidence will show that EVOX first learned of

19   Defendants' infringing use in or around November 2010. EVOX sent a cease and

20   desist letter in December 2010. The evidence will show that the parties engaged in

21   settlement discussions over the next couple of years, up and until EVOX filed the

22   current action. The evidence will also show that Defendants repeatedly ignored

23   EVOX's requests for supporting documentation and additional information on

24   Defendants' infringing use, forcing EVOX to file suit.

25         Further, the evidence will show that there is no prejudice to Defendants. The

26   evidence will show that Defendants were on notice of a pending litigation in

27   December 2010, when EVOX first sent its cease and desist letter. To the extent

28   Defendants claim prejudice from lost, stale or degraded evidence, Defendants have

1  testified that there never was any documentation relating to Defendants' infringing

2  use, so there can be no prejudice.

3      **C.**      **Innocent Intent**

4          **1.**      **Elements of Innocent Intent Affirmative Defense**

5      To prevail on their defense of innocent intent, Defendants must establish the

6  following elements:

7          i.      Defendants were not aware that their acts constituted infringement of

8              the copyright; and

9          ii.      Defendants had no reason to believe that their acts constituted an

10              infringement of the copyright.

11  *See* NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS: CIVIL

12  § 15.18 (2007). To prevail on its defense of innocent intent, Defendants must

13  demonstrate the factors above by a preponderance of the evidence. *See id.*

14          **2.**      **Brief Summary of Key Evidence in Opposition to**

15              **Defendants' Affirmative Defense**

16      Defendants will not be able to present evidence to support their affirmative

17  defense of innocent intent. The evidence will show that Defendants knew that

18  EVOX had copyright and trademark rights in its photographs and marks and that

19  Defendants had been expressly sublicensing the right to use such copyrighted

20  works and marks. Defendants received notice that their license to use EVOX's

21  copyrighted photographs was expiring and informing Defendants that they would

22  have no right after March 31, 2010.  Despite this clear knowledge, Defendants

23  continued to use, distribute and display EVOX's copyrighted images and

24  trademarks without permission.

25      **D.**      **Nominative Fair Use**

26          **1.**      **Elements of Nominative Fair Use Affirmative Defense**

27      To prevail on their defense of nominative fair use of trademark, Defendants

28  must establish the following elements:

i.    That Defendants used the mark in connection with EVOX's product, which was not readily identifiable without use of that trademark.

ii.   That Defendants used only so much of the trademark as was reasonably necessary to identify the product in question; and

iii.  That Defendants did not do anything that would in connection with the trademark suggest sponsorship or endorsement of the Defendants' product by EVOX.

*See* NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS: CIVIL § 15.18 (2009). To prevail on its defense of nominative fair use, Defendants must demonstrate the factors above by a preponderance of the evidence. *See id.*

## 2.    Brief Summary of Key Evidence in Opposition to Defendants' Affirmative Defense

Defendants will not be able to present evidence to support their affirmative defense of nominative fair use. The evidence will show that Defendants' -- solicited potential clients by displaying the EVOX trademarks in connection with the demonstration of Defendants' Automotive Media Portal; that Defendants used EVOX's marks on images distgributed to Media Partners and displayed on GTS' Automotive Media Portal without permission. Such conduct suggests that EVOX authorizes or endorses Defendants' Automotive Media Portal.

## E.    Privilege for Collective Works Under 17 U.S.C. § 201(c)

### 1.    Elements of Nominative Fair Use Affirmative Defense

Defendants have waived this defense. Moreover, Section 201(c) was designed to address the unfair situation whereby authors risked losing their rights when they placed a copyrighted piece in a collective work. *New York Times Co., Inc. v. Tasini*, 533 U.S. 483, 484 (2001). It does not provide protection for a copyright infringer who simply takes the copyrighted works without authorization and copies, distributes and displays them without permission of the copyright owner. *See id.*

     **2.**    **Brief Summary of Key Evidence in Opposition to**

            **Defendants' Affirmative Defense**

Defendants had no right to use EVOX's copyrighted images, as set forth in Section II.A above. EVOX respectfully refers the Court to the legal issues and facts discussed in Section II.A.

## IV.   OTHER MATTERS REQUIRED BY LOCAL RULE 16-4

### A.   Third-Party Claims (L.R. 16-4.1(g))

There are no third-party claims in this action.

### B.   Anticipated Evidentiary Issues (L.R. 16-4.1(h))

EVOX has filed two motions *in limine* seeking to exclude:  1) evidence of other disputes, lawsuits and settlements involving EVOX; and 2) evidence of EVOX's "actual damages."  *See* Docket Nos. 49, 49-1 and 49-2.  These motions are set to be heard at the Final Pretrial Conference set for April 2, 2014.  In addition, EVOX anticipates the following evidentiary issues:

In their Rule 26(A)(2) Expert Disclosures, Defendants provided one expert report jointly signed by two experts, Nick Ringold and John Cosgrove. Among other problems, the report does not detail which expert did what in forming the expressed opinions. Neither of the experts appear to utilize any specialized knowledge or expertise but merely recite the testimony of Defendants' lay witness, and so would not be helpful to the trier of fact. Further, neither set forth the methodology employed (if any).  EVOX further anticipates potential issues with any rebuttal report submitted by these witnesses. The expert rebuttal reports are due on March 19, 2014. EVOX anticipates filing a *Daubert* challenge to one or both experts after EVOX has the opportunity to depose Mr. Ringold and Mr. Cosgrove.

EVOX also objects to any evidence or argument offered in support of Defendants' newly alleged "privilege for collective works" affirmative defense, as it is untimely, unfair and prejudicial and should be excluded.  EVOX reserves its rights to object to other evidence offered at trial.

1       **C.**      <u>**Anticipated Legal Issues (L.R. 16-4.1(i))**</u>

2       At this time, EVOX does not anticipate any legal issues beyond those

3 addressed above or otherwise raised in the currently pending Motions *in Limine.*

4       **D.**      <u>**Bifurcation of Issues (L.R. 16-4.3)**</u>

5       EVOX does not request bifurcation of any issues.

6       **E.**      <u>**Jury Trial (L.R. 16-4.4)**</u>

7       All of EVOX's five claims against Defendants are subject to a jury trial.

8 Thus, none of EVOX's claims against Defendants are for determination by the

9 Court. However, EVOX's request for injunctive relief is for determination by the

10 court. *See* 15 U.S.C. § 1116(a), 17 U.S.C. § 502. EVOX's request for an award of

11 attorney's fees is also for the Court to decide. *See Earthquake Sound Corp. v.*

12 *Bumper Indus.*, 352 F.3d 1210, 1216 (9th Cir. 2003).

13       Because EVOX's claims are for the jury, Defendants' Affirmative Defense 7

14 (innocent intent) and Affirmative Defense 11 (nominative fair use) are also issues

15 for the jury. *See, respectively, Los Angeles News Serv. v. Reuters Television Int'l.*,

16 149 F. 3d 987, 995 (9th Cir. 1998); *Haas Automation, Inc. v. Denny,* NO. 2:12-CV-

17 04779 (CBM)(PLAx), 2013 U.S. Dist. LEXIS 179094, at *28 (C.D. Cal. Dec. 4,

18 2013).

19       Defendants' Affirmative Defense 2 (laches), is an equitable issue for the

20 Court to decide. *See, Reno Air Racing Ass'n.,* 452 F.3d at 1138.

21       EVOX made a timely demand for a jury trial in its First Amended Complaint,

22 and Gabriels has never contested that these matters are triable to a jury.

23       **F.**      <u>**Attorney's Fees (L.R. 16-4.5)**</u>

24       If EVOX prevails on its claims for copyright infringement, the Court may

25 award reasonable attorney's fees. 17 U.S.C. § 505. The Ninth Circuit regularly

26 awards attorney's fees to prevailing plaintiffs on copyright claims. *See, e.g. Fogerty*

27 *v. Fantasy, Inc.* 510 U.S. 517, 520 (1994).

28

OHSUSA:757023439.3

1     EVOX will also seek attorney's fees as an element of costs under 15 U.S.C.

2  § 1117. This case falls within the Ninth Circuit definition for an "exceptional case"

3  because "the infringement is willful, deliberate, knowing or malicious." *Earthquake*

4  *Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1216-17 (9th Cir. 2003) (holding the

5  district court did not abuse its discretion in awarding plaintiff attorney's fees

6  against the defendant who clearly infringed plaintiff's mark). EVOX will show that

7  Defendants' willfully and deliberately infringed its marks, EVOX and EVOX

8  IMAGES, by intentionally continuing to use the marks with knowledge that

9  Gabriels' license from Chrome had expired.

10     EVOX made a timely demand for attorney's fees in both its Complaint and

11  First Amended Complaint. Upon prevailing at trial, EVOX will file a timely motion

12  to recover its attorney's fees and all other recoverable costs of suit.

13     **G.**     **Abandonment of Issues (L.R. 16-4.16)**

14     EVOX has elected to recover statutory damages for its copyright

15  infringement claims and has abandoned its claim for actual damages for copyright

16  infringement. EVOX has also abandoned its claim for monetary damages for its

17  trademark infringement and false advertising claims, but still seeks injunctive relief.

18  EVOX has not otherwise abandoned any issues in this litigation.

19     Defendants have indicated that they have abandoned the following

20  affirmative defenses:  failure to state a claim; estoppels; waiver; unclean hands;

21  mitigation; exemplary damages violate constitutional rights; license and

22  justification.

23  DATED:  March 17, 2014     KENT B. GOSS
                    VALERIE M. GOO

24                      RAIJA J. HORSTMAN
                    ORRICK, HERRINGTON & SUTCLIFFE LLP

25

26                 By:    */s/ Raija J. Horstman*

27                     RAIJA J. HORSTMAN
                       Attorneys for Plaintiff

28                    EVOX PRODUCTIONS, LLC