1  KENT B. GOSS (State Bar No. 131499)
   kgoss@orrick.com
2  VALERIE M. GOO (State Bar No. 187334)
   vgoo@orrick.com
3  RAIJA J. HORSTMAN (State Bar No. 277301)
   rhorstman@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 S. Figueroa Street, Suite 3200
5  Los Angeles, CA  90017
   Telephone:  +1-213-629-2020
6  Facsimile:   +1-213-612-24299

7  Attorneys for Plaintiff
   EVOX Productions, LLC
8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                    **SOUTHERN DIVISION**

12

| | |
|---|---|
| 13  EVOX PRODUCTIONS, LLC, a Delaware limited liability company,<br>14<br>15           Plaintiff,<br>16       v.<br>17  GABRIELS TECHNOLOGY SOLUTIONS, INC., a New York corporation; MICHAEL GABRIEL, an individual; and DOES 1-10, inclusive,<br>18<br>19           Defendants. | Case No.  CV 13-00846-CJC(RZx)<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OF OTHER DISPUTES, LAWSUITS AND SETTLEMENTS**<br><br>Honorable Cormac J. Carney<br><br>Date:          April 2, 2014<br>Time:          10:00 a.m.<br>Place:         Courtroom 9B<br><br>Pretrial Conference<br>   Date:          April 2, 2014<br>Trial Date:    April 15, 2014<br><br>Date Action Filed: February 6, 2013 |

20
21
22
23
24
25
26
27
28

## I. INTRODUCTION

Evidence and argument regarding other disputes, lawsuits and settlements between EVOX and third parties should be excluded. In their opposition to EVOX's motion, Defendants make no argument that the evidence or testimony is relevant, but rather only object to using redacted documents. EVOX does not intend to offer its annual financial statements or any report from QuickBooks that contains a reference to the other disputes, lawsuits or settlements. Defendants, however, have not stated one way or the other whether they intend to offer the annual financial statements or which reports they intend to use from QuickBooks. EVOX's motion requests narrow, specific relief to prevent unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needless presenting cumulative evidence and should be granted.

## II. EVIDENCE AND ARGUMENT REGARDING OTHER DISPUTES, LAWSUITS AND SETTLEMENTS SHOULD BE EXCLUDED

EVOX's motion is straightforward. It seeks to exclude irrelevant, confusing and prejudicial evidence of other lawsuits and settlements. Defendants do not really object to the substance of the motion and even acknowledge that the evidence EVOX seeks to exclude is prejudicial. Instead, they assert that there may be administrative headaches with exhibits that require redaction. This complaint does not take away from the merits of the motion.

Indeed, EVOX requests specific relief that any evidence, including testimony, of: (1) the lawsuits and settlement between EVOX and CarMax; (2) the 2006 lawsuit and settlement; (3) the 2011 dispute and settlement; (4) the 2013 dispute and settlement; and (5) any litigation, pre-litigation, attorney's fees or legal expenses related to these disputes, lawsuits and settlements be excluded from presentation to the jury.

As Defendants acknowledge, EVOX's QuickBooks file is a massive electronic file. It is possible for Defendants to generate reports from QuickBooks

Case 2:13-cv-00846-CJC-RZ Document 70 Filed 03/19/14 Page 3 of 4 Page ID #:1114

1  that would not require any redactions. It is also possible for Defendants to generate
2  reports from QuickBooks that would include a reference to the other disputes,
3  lawsuits or settlements and would therefore require redactions. It is not possible,
4  however, for EVOX to guess at every permutation or possible report that
5  Defendants may wish to enter and identify the specific redactions that are necessary
6  before Defendants have identified the exhibits it intends to offer at trial. It would be
7  unduly burdensome on EVOX to attempt to provide specific redactions of every
8  possible reference to the other disputes, litigations and settlements contained within
9  its entire QuickBooks file. The proposed order is sufficiently clear to provide the
10 necessary guidance by ordering the redaction of any references to (1) the lawsuits
11 and settlement between EVOX and CarMax; (2) the 2006 lawsuit and settlement;
12 (3) the 2011 dispute and settlement; (4) the 2013 dispute and settlement; and
13 (5) any litigation, pre-litigation, attorney's fees or legal expenses related to these
14 disputes, lawsuits and settlements.

15      The danger of unfair prejudice to EVOX by allowing references to other
16 disputes, litigation and settlements would substantially outweigh the probative
17 value of the unredacted annual statements. It is very likely that there will be
18 confusion of the issues and misleading the jury if such evidence or testimony is
19 admitted. The jury will spend time wondering what the other disputes and lawsuits
20 were about. The jury may be confused about why they were given this information
21 in the first place and may speculate about whether the settlement in one case relates
22 to this case. If EVOX received a large settlement in one case, this could affect what
23 the jury awards in this case. The jury may think they should award high statutory
24 damages in this case to match the prior case or the jury may improperly believe that
25 they should award lower statutory damages in this case because EVOX already
26 received a settlement from a completely unrelated third party. EVOX will be forced
27 to waste time eliciting testimony to explain what the disputes, litigations and
28 settlements were about. All of this could be avoided by simply redacting any

CV13-00846-CJC(RZx)
EVOX'S REPLY IN SUPPORT OF
MOTION IN LIMINE NO. 1

OHSUSA:757247504.2

1  reference to this information and excluding any related testimony.

2       As already mentioned, Defendants can generate reports from QuickBooks that would not require any redactions at all. If Defendants insist on using EVOX's annual financial statements, there would be no gaping holes or unidentified line items because the references to the other disputes, litigation and settlements are limited to accountant notes. The limited redactions required by EVOX's motion *in limine* would not be confusing or misleading to the jury. Only 11 pages from the annual statements would require redactions. *See* Declaration of Raija Horstman in Support of EVOX's Reply, Ex. A. Defendants would not be prejudiced by the redactions and can just as easily explain any alleged "inflation" of income or revenues by referring to it as "non-licensing" income or revenue. On the other hand, EVOX would be unfairly prejudiced if Defendants are allowed to present unredacted financial statements that reference the disputes, litigations and settlements to the jury. Therefore, EVOX's motion should be granted.

## III. CONCLUSION

Based on the foregoing, EVOX respectfully requests that the Court grant EVOX's Motion *in Limine* No. 1 to exclude evidence of other disputes, litigation and settlements.

DATED: March 19, 2014

KENT B. GOSS
VALERIE M. GOO
RAIJA J. HORSTMAN
ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Raija J. Horstman*
RAIJA J. HORSTMAN
Attorneys for Plaintiff
EVOX PRODUCTIONS, LLC